Tauland **DESHATI, Petitioners,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

No. 08–5887–ag.

United States Court of Appeals, Second Circuit.

July 22, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as respondent in this case.

Andrew P. Johnson, New York, NY, for Petitioners.

Tony West, Assistant Attorney General; Carol Federighi, Senior Litigation Counsel; Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Tauland Deshati, a native and citizen of Albania, seeks review of a November 7,

---

2008 order of the BIA, affirming the April 11, 2007 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa, which denied Deshati's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tauland Deshati,* No. A098 772 323 (B.I.A. Nov. 7, 2008), *aff'g* No. A098 772 323 (Immig. Ct. N.Y. City Apr. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the IJ's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

While the IJ found that Deshati did not demonstrate past persecution, we need not review his challenge to that finding, because it concluded that, even if he had suffered past persecution, conditions in Albania have changed sufficiently such that his fear of persecution is no longer objectively well-founded. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006). Indeed, the State Department Report in the record indicated that the elections in 2005 brought the Democratic Party to power, and Deshati testified that "the issue is now over, as the Socialists are not in government now," and that his family had not suffered any harm since 2004. *See* 8 C.F.R. § 1208.13(b)(1)(i).

The IJ also found Deshati's well-founded fear of future persecution was undermined because his relatives remained unharmed in Albania. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). Deshati

argues that he faces a heightened risk of harm as the eldest son; but the IJ reasonably rejected this argument on the ground that Deshati pointed to no evidence in support. Moreover, the BIA noted that Deshati's father and uncle, who were politically active, continue to live unharmed in his hometown. *See id.* Because substantial evidence supports the IJ's findings, she properly denied asylum. *See* 8 C.F.R. § 1208.13(b)(2)(ii).

Inasmuch as substantial evidence supported the IJ's and BIA's denial of asylum, Deshati was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief where those claims rested on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.